**Injah TAFARI, Plaintiff–Appellant,**

**v.**

**Paul W. ANNETTS, C.O. Kern, Catherine Jacobsen, Joseph Lurenz, Doe Chill, Defendants–Appellees,**

David L. Miller, Rosemarie Wendland, Sheryl Butler, William D. Brown, Karen Lafolt, Commissioner Glenn S. Goord, Richard Roy, John W. Carvill, Charles M. Devane, John H. Nuttall, Peter Healy, Thomas Poole, Jean Yost, S. Zenzen, Lucien J. Leclaire Jr., Roche Frank, Zvi Jacob, Arthur Morgenstern, Defendants.*

No. 08–5520–pr.

United States Court of Appeals, Second Circuit.

Jan. 29, 2010.

Injah Tafari, pro se, Dannemora, NY, for Appellant.

Andrew M. Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Michael S. Belohlavek, Senior Counsel; Robert C.

---

* The Clerk of the Court is directed to amend the official caption as set forth above.

Weisz, Assistant Solicitor General of Counsel, New York, NY, for Appellee.

Present: PIERRE N. LEVAL, CHESTER J. STRAUB, RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Plaintiff, Injah Tafari, *pro se* and *in forma pauperis,* appeals from a judgment of the district court granting summary judgment to defendants, employees of the New York State Department of Correctional Services ("DOCS"). Plaintiff also appeals an order denying his motion for a default judgment against defendants. Plaintiff alleges violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, and under the Religious Land Use and Institutionalized Persons Act.

Plaintiff claims that the named DOCS employees failed to fully accommodate his religious practices. Specifically, he contends that defendants failed to transfer him to the Green Haven Correctional Facility, where he could obtain kosher food different from the kosher food with which he is currently provided, and that defendants failed to provide him with kosher meals during transit between correctional facilities on certain occasions. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

■ We review *de novo* the grant of a motion for summary judgment. *Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir.2003). This Court draws all inferences in favor of the nonmoving party, *Baker v. Home Depot,* 445 F.3d 541, 543 (2d Cir.2006); however, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York,* 316 F.3d 93, 100 (2d Cir.2002). On October 2, 2008, the district court granted summary judgment to defendants and adopted, in its entirety, the Report and Recommendation of the magistrate judge. The district court properly determined that defendants were entitled to summary judgment. We affirm for substantially the reasons stated in the magistrate judge's thorough Report and Recommendation of June 12, 2008.

We have considered plaintiff's challenge to the denial of his motion for default judgment, and find it to be unavailing. *See Shah v. N.Y. State Dep't of Civil Serv.,* 168 F.3d 610, 615 (2d Cir.1999). Our disposition of this matter reflects "our oft-stated preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir.1993).

The Court has reviewed plaintiff's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**